# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL ALEXANDER, | ) | |
| Movant, | ) | |
| v. | ) | No. 4:16-CV-1109 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the amended motion of Nathaniel Alexander to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or

*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563. The clause beginning with "has an element" is known as the "elements clause." Until recently, U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" was nearly identical to the ACCA.

Movant also argues that his sentence was affected by the recent Supreme Court cases *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Beckles v. United States*, No. 15-8544. In *Mathis*, the Court held that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. In *Beckles*, the Court granted certiorari on the issue of whether *Johnson* applies to the Sentencing Guidelines. *Mathis* and *Beckles* can only apply to movant's sentence if *Johnson* applies.

In this case, movant pled guilty to felon in possession of a firearm. *United States v. Alexander*, No. 4:15-CR-528 CDP (E.D. Mo.). His sentence was not enhanced under the ACCA or Chapter Four of the United States Sentencing Guidelines. However, his base offense level under U.S.S.G. § 2K2.1 was 24 because he had "at least two felony convictions of either a crime of violence or a

controlled substance offense." Specifically, he had a Missouri conviction for first-degree assault from an incident arising in 1996 and a Missouri conviction for possession with intent to distribute cocaine. Therefore, movant could arguably be entitled to relief if his first-degree assault conviction was affected by *Johnson*.

At the time he committed the assault, Missouri defined first-degree assault as follows: "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." *E.g., State v. Lauer*, 955 S.W.2d 23, 25 (Mo. Ct. App. 1997). This definition fits squarely within the "elements clause" in U.S.S.G. § 4B1.2(a)(1), which defines "crime of violence" for purposes of § 2K2.1. As a result, movant's sentence is unaffected by *Johnson*, and the motion must be denied.

Finally, the Court finds that movant has not met the burden for issuing a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Nathaniel Alexander to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 20th day of September, 2016.

                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE